THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 1:24-cr-063 |
| v. | ) | |
| | ) | GOVERNMENT'S |
| SANEL DIZDAREVIC, | ) | SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |
| | ) | |

Comes now the United States of America, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney and respectfully submits its Sentencing Memorandum.

The Defendant entered a plea of guilty to Count 1 of the Superseding Indictment, Conspiracy to Distribute a Controlled Substance. A PSR was filed that calculated a total offense level of 29 and a criminal history category of VI, with an advisory guideline range of 151 to 188 months. (PSR ¶ 132.)

## I.    Total offense level

The base offense level was calculated at 32 based on drug quantity pursuant to § 2D1.1(a)(5). (PSR ¶ 40.) The Defendant received a 3-level decrease for acceptance of responsibility pursuant to § 3E1.1(a), (b). (PSR ¶¶ 47, 48.) The Government will move for the third level of acceptance at the sentencing hearing. Neither party filed any objections to factual paragraphs or offense calculation detailed in the PSR.

## II.    Application of the 18 U.S.C. § 3553(a) factors

The factors the Court must use to determine a reasonable sentence are:

(1) the nature and circumstances of the offense and the history and

1

characteristics of the defendant;

(2) the need for the sentence imposed;

    (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and,

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the sentencing range from the guidelines;

(5) any pertinent policy statements by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to victims.

(18 U.S.C. § 3553(a)).

"A sentencing court abuses its discretion 'when it ... fails to consider a relevant factor that should have received significant weight ... [or] gives significant weight to an improper or irrelevant factor.'" *United States v. Berry*, 930 F.3d 997, 1000 (8th Cir. 2019) quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The Court considers all the relevant factors listed in 18 U.S.C. § 3553(a) and has the authority to vary from the recommended sentence.  The Court is not required to do so, however.

    The first factor to consider is the nature and circumstances of the offense and history of the Defendant. Law enforcement started investigating the Defendant after being linked to codefendant Mills. Law enforcement communicated with the Defendant and one of his codefendants to set up controlled purchases. (PSR ¶¶ 17, 18, 21, 22.) As part of the investigation, there were several messages between the Defendant and codefendant Mills that support the drug relationship and conspiracy.

2

(PSR ¶¶ 23-31, 34.)

The Defendant's criminal history started prior to turning eighteen (PSR ¶¶ 51-53.) The Defendant was convicted of harassment 1st degree, operating without owners consent, driving while barred and theft 2nd degree in 2012. (PSR ¶¶ 54-57.) The Defendant's probation was revoked in 2014. *Id.* In 2013, the Defendant was convicted of voluntary absence for absconding from a community based correctional center as part of probation in the above-mentioned sentences. (PSR ¶ 58.) The Defendant was convicted of attempt of class 2 felony in 2016, amended from sexual assault involving a minor and sentenced to prison. (PSR ¶ 59.) The Defendant was convicted of operating without owner's consent and eluding in 2021. (PSR ¶ 61.) In 2022, the Defendant was convicted of violating a protection order. (PSR ¶ 60.) The Defendant was convicted of theft in 2022 and 2023. (PSR ¶¶ 63, 64.) The Defendant was convicted of eluding, violating the sex offender registry, false information, and operating without owner's consent in 2023. (PSR ¶¶ 65-68.) The Defendant has been undeterred despite being sentence to probation, community-based corrections, jail and prison sentences. The total points for the above convictions is 29, over double what is required for a criminal history category VI. (PSR ¶ 70.)

In mitigation, the Defendant's childhood was nothing short of constant struggle and horribly violent in various ways. (PSR ¶¶ 78-80.) He reports that he is the black sheep of the family and does not currently have their support. (PSR ¶¶ 81-87.)

The Defendant reported health issues that may warrant ongoing treatment. (PSR ¶¶ 96-98.) He also has a history of substance abuse starting as a teenager with

methamphetamine being his ongoing drug of choice. (PSR ¶ 104.) As part of rehabilitation, mental health and substance abuse treatment may be beneficial. The Defendant has a sporadic work history so a trade may be beneficial for rehabilitation.

The Government recommends a term of imprisonment at or close to the guideline range, a sentence that reflects the seriousness of the offense, protect the community, promotes future deterrence and respect for the law.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By:  */s/ Shelly Sudmann*
Shelly Sudmann
Assistant United States Attorney
2146 27th Street, Suite 400
Council Bluffs, Iowa 51501
Tel: 712-256-5009
Fax: 712-256-5112
Shelly.sudmann@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2025, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

___U.S. Mail ___ Fax ___Hand Delivery

_X_ ECF/Electronic filing ___Other means

UNITED STATES ATTORNEY

By:  */s/SCT*
   Paralegal Specialist